UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD PHILLIP
OF THE FAMILY VALDEZ,

    Plaintiff,

  v.              ACTION NO. 2:24cv468

ALANA TUCKER,
*through Region 3 IV-D Agency*,

    Defendant.

## DISMISSAL ORDER

This matter is before the Court in this *pro se* action on Defendant's Motion to Dismiss, ECF No. 5. The Court has considered the arguments in the briefing and concludes there is no need to hold a hearing on the motion. *See* Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 5, is **GRANTED**, and this civil action is **DISMISSED**.

## I.  Factual Background

Plaintiff filed this action against Alana Tucker, who serves as the Director of Virginia's Department of Social Services, Division of Child Support Enforcement ("DCSE"). Compl. at 1, 3, ECF No. 1; *see* Mem. Supp. Mot. Dismiss at 1 n.1, ECF No. 6 (clarifying Tucker's role with DCSE). Plaintiff indicates that he is suing Tucker in her official capacity as the Director of the agency. Compl. at 3. Plaintiff's Complaint is difficult to decipher; however, Plaintiff appears to allege that at some point in time,

DCSE determined that he was a "non-custodial parent," who was required to make certain child support payments. *Id.* at 1–13. Plaintiff appears to challenge the propriety of his child support obligations. *Id.* Plaintiff claims that Tucker improperly contracted with others, including clerks of court, judges, sheriffs, and other law enforcement officials, to provide "coercive collection procedures" to obtain Plaintiff's "honestly acquired income." *Id.* at 4–5. Plaintiff claims that Tucker, via DCSE, is operating an illegal "business for profit" that violates Plaintiff's constitutional rights. *Id.* at 1–28.

In his Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for the alleged violation of his rights under the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments to the United States Constitution. *Id.* at 7, 14–27. As relief, Plaintiff seeks over $11 million in damages. *Id.* at 30–31. Plaintiff also seeks an Order (i) preventing DCSE from "publicly advertising itself as the Commonwealth 'child support enforcement agency' that provides 'child support enforcement services'"; and (ii) terminating DCSE's "services" as to Plaintiff, providing Plaintiff "a full refund of $26,000.00 with 6% interest, zero dollar amount of arrears," and noting the removal of arrears on Plaintiff's "credit history." *Id.* at 31.

## II.  Legal Standards

Defendant seeks dismissal of this action pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Mem. Supp. Mot. Dismiss at 1. Dismissal is warranted under Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of

proving that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009).

A Rule 12(b)(5) motion challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). "A plaintiff bears the burden of establishing that service of process conformed to Federal Rule of Civil Procedure 4." *MJL Enters., LLC v. Laurel Gardens, LLC*, No. 2:15cv100, 2015 U.S. Dist. LEXIS 144496, at *5 (E.D. Va. Oct. 23, 2015).

A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the Court must accept all factual allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff. *Id.* "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (citations omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In cases where the plaintiff appears *pro se*, courts do not expect the *pro se* plaintiff to frame legal issues with the clarity and precision expected from lawyers."

*Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). In such cases, courts are required to construe the operative complaint liberally. *Id.* However, courts "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield Cnty. Sch. Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at *5 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22cv165, 2022 U.S. Dist. LEXIS 61093, at *5 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint "neither excuses a *pro se* plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

### III.  <u>Discussion</u>

### A.  **Eleventh Amendment Immunity**

Defendant argues that Plaintiff's Complaint should be dismissed because it is barred by the Eleventh Amendment. Mem. Supp. Mot. Dismiss at 5–6. "The Eleventh Amendment prohibits federal courts from hearing 'any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Garrett v. Clarke*, 552 F. Supp. 3d 539, 552 (E.D. Va. 2021) (quoting U.S. Const. amend. XI). "The Supreme Court has held that the Eleventh Amendment is an embodiment of the broader principle of sovereign immunity, which precludes federal courts from hearing suits against a

state by its own citizens." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).

Notably, a state officer acting in his or her official capacity is also entitled to sovereign immunity under the Eleventh Amendment. As courts have explained, "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' and 'as such, it is no different from a suit against the State itself.'" *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

There are three exceptions to Eleventh Amendment immunity, which include: "(1) congressional abrogation of that immunity, (2) state waiver of that immunity, and (3) actions seeking prospective injunctive relief against state officials for ongoing violations of federal law under the *Ex parte Young* doctrine." *Garrett*, 552 F. Supp. 3d at 553.

With these principles in mind, the Court turns to the specifics of Plaintiff's Complaint. In his Complaint, Plaintiff asserts § 1983 claims against Tucker in her official capacity as the Director of DCSE. Compl. at 3. Courts have "expressly held that the Virginia DCSE is an arm of the state and covered by the Eleventh Amendment." *Andrews v. Taylor*, No. 3:17cv533, 2018 U.S. Dist. LEXIS 77465, at *14 (E.D. Va. May 7, 2018) (citing *Terry of the Family Parks v. Va. Dep't Social Servs. Child Support Enforcement Servs.*, No. 1:16cv568, 2016 U.S. Dist. LEXIS 1092000, at *6–7 (E.D. Va. Aug. 17, 2016)). Thus, Plaintiff's official capacity § 1983 claims are

barred by the Eleventh Amendment unless an exception to Eleventh Amendment immunity applies.

Neither Tucker nor the Commonwealth of Virginia has waived sovereign immunity in this action, and there has been no congressional abrogation of sovereign immunity as to claims asserted under § 1983. *In re Sec'y of the Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993). Thus, the Court finds that the first two exceptions to Eleventh Amendment immunity do not apply to the instant action. *See Garrett*, 552 F. Supp. 3d at 553.

As relief in this action, Plaintiff primarily seeks monetary damages. Compl. at 30–31 (requesting over $11 million in damages). The Court finds that Plaintiff's request for monetary damages is barred by the Eleventh Amendment. *See Garrett*, 552 F. Supp. 3d at 552–53. Plaintiff's Complaint also includes requests for prospective injunctive relief. Compl. at 31 (seeking to place restrictions on certain terms used in DCSE's advertising and to stop enforcement efforts with respect to Plaintiff's child support obligations). Based on the *Ex Parte Young* exception, the Court finds that Plaintiff's requests for prospective injunctive relief cannot be dismissed on Eleventh Amendment immunity grounds. *See Garrett*, 552 F. Supp. 3d at 553.

## B.    Failure to State a Claim

Defendant also argues that Plaintiff's Complaint should be dismissed because Plaintiff fails to state any § 1983 claims upon which relief may be granted. Mem. Supp. Mot. Dismiss at 6. To state a plausible claim for relief under § 1983, a plaintiff must adequately allege that: (i) a right secured by the Constitution or laws of the

United States was violated; and (ii) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his Complaint, Plaintiff appears to allege that he should not be required to make certain child support payments, and that Defendant's attempts to collect such child support payments violated Plaintiff's rights under the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments. Compl. at 1–31. Upon a thorough review of Plaintiff's Complaint, Defendant's motion, and the related briefing, the Court finds that Plaintiff's § 1983 claims are conclusory in nature, factually unsupported, and fall far short of showing that Defendant's actions violated any of Plaintiff's constitutional rights. *See id.* Therefore, the Court concludes that all of Plaintiff's § 1983 claims, regardless of the type of relief requested, cannot escape Defendant's challenge under Federal Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678 (explaining that conclusory statements do not suffice to survive a motion to dismiss under Rule 12(b)(6)); *Twombly*, 550 U.S. at 570 (explaining that a complaint must allege facts sufficient to state a claim for relief that "is plausible on its face" in order to survive a Rule 12(b)(6) challenge).[1]

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 5, is **GRANTED**, and this civil action is **DISMISSED**.

---

[1] Because the Court finds that the dismissal of this action is warranted for the reasons set forth herein, the Court need not address Defendant's alternative arguments for dismissal.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days of the date of entry of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to please send a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

**IT IS SO ORDERED.**

                                                          /s/
                                              Arenda L. Wright Allen
                                     United States District Judge

Norfolk, Virginia
February 28, 2025